IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| PURDUE PHARMA L.P., THE P.F. LABORATORIES, INC., PURDUE PHARMACEUTICALS L.P. and RHODES TECHNOLOGIES, | : <br> : <br> :  CASE NO. <br> :  3:12-MC-1 (CAR) <br> : |
| Plaintiffs, | : |
| v. | : |
| RANBAXY INC., RANBAXY PHARMACEUTICALS INC., RANBAXY LABORATORIES LTD., ACTIVAS ELIZABETH LLC, MYLAN PHARMACEUTICALS INC., and MYLAN INC., | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**ORDER**

Currently before the Court are Noramco, Inc.'s ("Noramco") Motion to Quash Activas's Subpoenas for Testimony [Doc. 1], Activas Elizabeth LLC's ("Activas") Cross-Motion to Compel the Depositions of Dr. James and Noramco, Inc. or, in the alternative, for Leave to Continue the Rule 30(b)(6) Deposition of Dr. James [Doc. 2], and Activas's Motion to Seal [Doc. 3]. Having considered each motion, each response, and the relevant case law, the Court finds that Activas's Motion to Seal [Doc. 3] is **GRANTED**,

1

Noramco's Motion to Quash [Doc. 1] is **DENIED**, and Activas's Cross-Motion to Compel or Continue 30(b)(6) Deposition [Doc. 2] is **GRANTED**.

## Background

This action arises from ongoing patent infringement litigation in the Southern District of New York.  The underlying patent litigation relates to Activas's application for FDA approval to make a generic version of Oxycontin®, a pain killer used to treat moderate to severe pain.  Noramco, who is not a party to the litigation, supplies an oxycodone hydrochloride active pharmaceutical ingredient to Activas.  Because of its supply agreement with Activas, Noramco has participated in third party discovery in the underlying litigation.  In June 2011, Noramco produced 27,000 documents to Activas and Plaintiffs Purdue Pharma L.P., The P.F. Laboratories, Inc., Purdue Pharmaceuticals L.P., and Rhodes Technologies (collectively "Purdue") in response to a subpoena from Purdue.

In September 2011, Purdue served a subpoena on Noramco to obtain testimony from a Fed. R. Civ. P. 30(b)(6) witness.  Dr. Karen James, who served as Noramco's 30(b)(6) witness, was deposed on November 4, 2011.  The deposition lasted approximately 7 hours, and counsel for Purdue and Activas were present.  The parties do not dispute that counsel for Purdue questioned Dr. James for the entire seven hours, and that counsel for Activas did not question Dr. James.  The deposition ended

promptly at 5 p.m. due to Dr. James's childcare responsibilities. Activas expressed interest in questioning Dr. James, but no arrangements were made at that time to continue Dr. James's deposition.

Activas asserts that it attempted to schedule another deposition with Dr. James, but Noramco was unwilling to produce her for a second or continued deposition. When Noramco made it clear that it would not produce Dr. James for another deposition absent a subpoena, Activas served a subpoena for another Rule 30(b)(6) deposition in January 2012, as well as a subpoena to Dr. James in her individual capacity. Noramco has now moved to quash those subpoenas,[1] and Activas has filed a motion to compel or continue the deposition.

## Analysis

### A. Motion to Seal

Activas seeks to seal two documents submitted in conjunction with its Cross-Motion to Compel, specifically (1) Activas's memorandum of law in support of its Motion to Compel, and (2) the Declaration of Terrence J. Connolly, also filed in support of Activas's Motion. [Doc. 4, Nos. 1 and 2]. Activas seeks to seal these documents based on Noramco's designation of Dr. James's deposition as "Highly Confidential," in accordance with the protective order entered in the underlying patent litigation.

---

[1] Activas also served Noramco with a subpoena duces tecum in February 2012. Noramco has produced documents pursuant to this subpoena, and it is not currently before the Court.

Activas included Dr. James's deposition in support of its Motion to Compel, and cites to the transcript in its memorandum of law in support of its Cross-Motion to Compel. Noramco has not responded to or otherwise opposed the Motion to Seal.

The public has a right of access to court records, and when deciding whether a document should be sealed, a court should balance the common law right of access to judicial records against the privacy interests involved. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). As Activas noted, discovery is essentially a private process, and the public's interest in discovery materials is low. On the other end of the spectrum, materials filed in conjunction with dispositive or otherwise substantive motions are subject to the common law right of access. Id. at 1312. Thus, the need for public access to Dr. James's deposition, filed in conjunction with this pretrial discovery motion, is low. Accordingly, Activas's Motion to Seal [Doc. 3] is **GRANTED.**

  B. **Motion to Quash and Cross-Motion to Compel**

Federal Rule of Civil Procedure 45(c)(3)(A)(iv) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that[ ] subjects a person to undue burden." The party seeking to quash the subpoena has the burden to show that compliance would subject that party to undue burden. Sherwood v. Michelin North Am., Inc., No. 7:06-CV-93 (HL), 2007 WL 431090 (M.D. Ga. Feb. 2, 2007) (citing Wiwa v.

4

Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004)); Independent Marketing Group, Inc. v. Keen, No. 3:11-cv-447-J-25MCR, 2012 WL 512948 (M.D. Fla. Feb. 16, 2012).

Here, Noramco argues that the subpoenas pose an undue burden because (1) Dr. James has already been deposed, (2) Activas had an opportunity to arrange with Purdue to question Dr. James at the original deposition and failed to do so, and (3) the deposition topics are substantially the same topics that were the subject of the November deposition. Noramco also asserts that the Court should quash Topic 5 of Activas's subpoena because it seeks testimony regarding patents that are not part of the underlying litigation.

Activas counters that Noramco has not shown that compliance with these subpoenas would pose an undue burden on Noramco and Dr. James. The Court agrees. Although Activas ideally should have worked with Purdue to divide their time during the November deposition, the Court does not find preparing Dr. James for another deposition to be unreasonable.  In fact, the preparation should not be difficult or overly time-consuming precisely for the reason Noramco has stated – it has already prepared Dr. James once on largely the same topics. Further, the fact that Dr. James will have been deposed twice may present an inconvenience but does not demonstrate any undue burden. Collins v. Int'l Dairy Queen, 189 F.R.D. 496, 498 (M.D. Ga. 1999) (allowing defendant to take second depositions of witnesses); Balivi Chemical Corp. v. JMC

Ventilation Refrigeration, LLC, No. 07-0353-S-BLW, 2009 WL 800209 (D. Idaho Mar. 24, 2009) ("sheer number of depositions" could not constitute undue burden where inquiries were relevant and there was no evidence of harassment).  Without a more particularized showing of undue burden, the Court cannot find that preparing and producing Dr. James poses an undue burden.

Although Rule 30(d)(1) provides that depositions are limited to one day of seven hours, the rule also states that the "court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1).  In addition, Rule 30(a)(2)(A)(ii) provides that a party must seek leave of court if the deponent has already been deposed in the case.  Fed. R. Civ. P. 30(a)(2)(A)(ii).  Here, Activas seeks to either continue Dr. James's 30(b)(6) deposition or compel another 30(b)(6) deposition.

There is some inconsistency with the way courts approach the single deposition rule and corporate depositions under Rule 30(b)(6).  At least one court has held that leave of court is not required to take additional depositions of a single individual designated pursuant to Rule 30(b)(6), while others hold that leave is required.  Balivi Chemical Corp., 2009 WL 800209 (noting inconsistencies and citing cases); Quality Aero v. Telemetrie Elektronik, 212 F.R.D. 313 (E.D.N.C. 2002) (leave not required); State Farm

Mutual Automobile Ins. Co. v. New Horizont, Inc., 254 F.R.D. 227 (E.D. Pa. 2008) (leave required).

Without resolving this dispute, this Court finds that Dr. James's Rule 30(b)(6) deposition should be continued.[2] The underlying litigation is complex, and although Noramco is not a party, it has a relationship with Activas that is relevant to the litigation. Thus, Activas should have the opportunity to cross-examine Noramco and Dr. James. The Court will allow Dr. James's Rule 30(b)(6) deposition to continue for an additional seven hours. However, counsel for Purdue will not have the opportunity to question Dr. James at this time.

The Court also declines to quash Topic 5 of Activas's subpoenas. Activas asserts that it included these patents as topics because Purdue questioned Dr. James about them in the original deposition. Therefore, the Court finds Topic 5 an appropriate area of inquiry.

---

[2] As noted above, Activas has also subpoenaed Dr. James in her individual capacity. Although Dr. James's testimony may be similar to her testimony as a corporate representative, the law views Noramco as distinct from the individuals who control or manage the corporation. Since Dr. James has not yet been deposed in her individual capacity, Activas is not barred from deposing her in that capacity. Provide Commerce, Inc. v. Preferred Commerce, Inc. No. 07-80185 CIV, 2008 WL 360588 (S.D. Fla. Feb. 8, 2008); E.E.O.C. v. Winn-Dixie, Inc., No. CA 09-0643-C, 2010 WL 2202520 (S.D. Ala. May 28, 2010).

**Conclusion**

For the foregoing reasons, Defendant Activas's Motion to Seal [Doc. 3] is **GRANTED**, Noramco's Motion to Quash [Doc. 1] is **DENIED**, and Activas's Cross-Motion to Compel or Continue 30(b)(6) Deposition [Doc. 2] is **GRANTED**.

SO ORDERED, this 20th day of April, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES/ssh